J. E. ROSSEL v. THE BOARD OF COUNTY COMMISSION-
ERS OF THE COUNTY OF GREENWOOD.

No. 449.*  (58 Pac. 1020.)

1. COUNTY TREASURER — *Vacancy — Successor.* When a person
has been duly appointed to fill a vacancy in the office of county
treasurer and has duly qualified and demanded possession of the
office he is entitled to the office and to receive the salary as such
treasurer thereafter.

2. ———— *Temporary Appointment.* A person temporarily act-
ing as county treasurer who refuses to turn the office over to the
person entitled thereto until the accounts are checked up and
settlement made with him and the representative of the former
treasurer is not thereafter entitled to act as county treasurer or
receive the salary provided therefor.

3. ———— *Compensation of Acting Officer.* Whether such per-
son is entitled to compensation for the services actually rendered
is not raised or decided.

Error from Greenwood district court; C. W. SHINN,
judge.  Opinion filed November 20, 1899.  Affirmed.

*W. S. Marlin,* and *Clogston & Fuller,* for plaintiff in
error.

*T. L. Davis,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced by
the defendant in error to recover from the plaintiff
in error the sum of $128, paid to him as acting county
treasurer of Greenwood county.

A demurrer was sustained to the evidence of the
defendant below and judgment rendered against him
for said sum of $128, with 100 per cent. additional
and $25 attorney's fees, as provided in section 24 of

*Petition for order to certify denied by supreme court January 6,
1900.—REP.

chapter 27 of the General Statutes of 1897 (Gen. Stat. 1899, § 1586).

On the 10th day of January, 1893, E. L. Gould, the county treasurer of said county, died, and the office was thereafter conducted by the plaintiff in error until S. N. Martin had been appointed and qualified as county treasurer, which was on February 2, 1893. Rossel continued to perform the duties of the office until settlement had been made with a representative of the deceased treasurer and with himself, which was done on February 18, 1893.

Rossel filed a claim against the county for salary as acting county treasurer from January 10 to February 18, which was allowed, and upon demand refused to return $128, the amount paid as salary from February 2 to February 18.

As we view this case there is but one question to be determined by us, and that is, Who was entitled to the salary from February 2? If Rossel, then the trial court erred. If Martin, then no error was committed. Martin was appointed January 18, 1893, qualified February 2, 1893, and immediately demanded possession of the office. Section 90 of chapter 27, General Statutes of 1897 (Gen. Stat. 1899, § 1618), reads as follows:

" In case the office of county treasurer shall become vacant the board of county commissioners shall appoint a suitable person to perform the duties of such treasurer, and the person so appointed, upon giving bond with the like sureties and conditions as that required in county treasurer's bonds, and in such sum as the said board shall direct, shall be invested with all the duties of such treasurer until such vacancy shall be filled or such disability removed."

Martin had fully complied with the requirements of this statute and was entitled to the office. The fact that Rossel refused to turn over the office until

the accounts were checked up and settlement made did not entitle him to act as county treasurer or receive the salary. Whether he was entitled to receive compensation for the services rendered does not enter into this controversy and is not determined.

The judgment of the district court is affirmed.